FILED
U.S. DISTRICT COURT
2008 SEP 10 PM 3:44
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| KELVIN CAIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 308-061 |
| ) | |
| TELFAIR STATE PRISON; FRED ) | |
| BURNETTE, Warden; THURBERT E. ) | |
| BAKER, Attorney General for the State of ) | |
| Georgia; and DUDLEY H. BOWEN, JR., ) | |
| United States District Court Judge, ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, who was an inmate detained at the Telfair State Prison located in Helena, Georgia when this action commenced, filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 18, 2008, Petitioner was ordered to pay the required $5.00 filing fee or to submit a properly completed motion to proceed *in forma pauperis* within twenty (20) days of the date of the Order. (Doc. no. 3). Petitioner was warned that failure to comply with the terms of the Order could result in a recommendation that his case be dismissed without prejudice. This time period has expired, yet Petitioner has failed to pay the required fee or file the required papers. Nor has Petitioner offered any explanation for his failure to comply with the Court's Order.

Moreover, on August 28, 2008, Petitioner's service copy of this Court's Order was returned and marked as "Released/Undeliverable." Thus, in addition to failing to comply with the Court's instructions, Petitioner has failed to notify the Court of a change of address. Petitioner's failure to provide the Court with an address where he can be reached has the effect of saddling the Court with a stagnant case. The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Petitioner's failure to comply with the Court's Order or to provide the Court with a valid address amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Petitioner's whereabouts are unknown and he would not receive any notice of imposition of monetary sanctions, the Court

finds that such a sanction is not feasible.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED AND RECOMMENDED this 10th day of September, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE